**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AKEEM BROWN,

                              Petitioner,

            - v -                                          Civ. No. 9:05-CV-1478
                                                                      (RFT)

ISRAEL RIVERA,

                              Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

AKEEM BROWN
Petitioner, *Pro Se*
02-B-1309
Gouverneur Correctional Facility
Gouverneur, N.Y. 13642

HON. ANDREW M. CUOMO                     FREDERICK H. WEN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, N.Y. 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER[1]

*Pro se* Petitioner Akeem Brown brings this Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, on the grounds that (1) his guilty plea was involuntarily and unintelligently made; and (2) his sentence was unduly harsh and excessive. Dkt. No. 1, Pet. For the reasons that follow, the Petition is **dismissed**.

### I. BACKGROUND

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 72.2, the parties consented to this Court presiding over all matters. Dkt. No. 11.

On April 5, 2002, Petitioner was charged with murder in the second degree (N.Y. PENAL LAW § 125.25(1)), criminal possession of a weapon in the second degree (N.Y. PENAL LAW § 265.03(1)), and criminal possession of a weapon in the third degree (N.Y. PENAL LAW § 265.02(4)), arising from two separate incidents that occurred in January 2002.  State Ct. R. on Appeal (hereinafter "R."), Ex. A, Pet'r Appellate Br. at p. 2.  On May 30, 2002, Petitioner pleaded guilty to one count of criminal possession of a weapon in the second degree in exchange for a determinate prison sentence of fifteen (15) years and three (3) years post-release supervision, full satisfaction of all three charges, and a promise from the prosecution that no charges would be brought against Petitioner in an unindicted robbery case.  R., Plea Hr'g Tr., dated May 30, 2002, at pp. 4-7.  In accordance with the plea, Petitioner was sentenced to fifteen (15) years incarceration with three (3) years post-release supervision.  R., Sentencing Tr., dated June 20, 2002, at p. 17.

Petitioner filed a direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department, on the same grounds raised in this Petition, which was denied.  *People v. Brown*, 779 N.Y.S.2d 372 (App. Div., 4th Dep't 2004).  Petitioner's application for leave to appeal to the Court of Appeals was also denied.  *People v. Brown*, 818 N.E.2d 674 (N.Y. 2004).

On July 29, 2004, Petitioner filed a motion to vacate his conviction pursuant to N.Y. CRIM. PROC. L. § 440.10 on the grounds that his plea was involuntarily and unintelligently made due to ineffective assistance from his trial counsel.  R. Ex. F, Pet'r Mot. to Vacate at p. 8.  None of the ineffective assistance of counsel claims raised in Petitioner's § 440 motion have been raised in the instant Petition.  *See generally* Pet.  On September 19, 2002, the trial court denied Petitioner's motion to vacate without a hearing.  R., Ex. H, Order Denying Pet'r § 440 Mot., dated Sept. 19, 2005, at p. 7.  Petitioner did not appeal the denial of his § 440 motion.  Pet. at ¶¶ 14-21.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that

principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Independent and Adequate State Grounds

Federal *habeas* review of a state-court conviction is prohibited if a state court rested its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 728 (1991) (citations omitted); *see also Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. at 729 (citation omitted). The independent and adequate state ground doctrine is jurisdictional, thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of federal claims in a *habeas* petition. *Harris v. Reed*, 489 U.S. at 264 n.10.

In the case at bar, the Appellate Division dismissed Petitioner's claim that his plea was involuntarily and unintelligently entered into because he had failed to preserve that claim by making a timely motion to withdraw his plea or vacate the judgment.[2] *People v. Brown*, 779 N.Y.S.2d 372 (citing *People v. Lopez*, 525 N.E.2d 5, 6 (N.Y. 1988)). New York's contemporaneous objection rule, codified as N.Y. CRIM. PROC. L. § 470.05(2), requires that in order to preserve a claim for appeal, a defendant must make his objection known at the time of a trial or proceeding, so as to give the trial court the opportunity to remedy its own errors. The Second Circuit Court of Appeals has "observed and deferred" to New York's contemporaneous objection rules as a bar to federal *habeas* review.

---

[2] We note that Petitioner's § 440 motion was filed subsequent to his direct appeal. *See supra* Part I.

*Garcia v. Lewis*, 188 F.3d 71, 79 (2d Cir. 1999) (citing, *inter alia*, *Bossett v. Walker,* 41 F.3d 825, 829 n.2 (2d Cir. 1994)); *see also Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990) (violation of the contemporaneous objection rule is an adequate and independent state ground). It is clear that the Appellate Division based its denial of this claim on an adequate and independent state ground, and therefore, the federal claim was procedurally defaulted in state court. Accordingly, federal review is barred, unless Petitioner demonstrates cause for the default and resulting actual prejudice, or alternatively that failure to review the claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 748-50. To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Coleman v. Thompson*, 501 U.S. at 753, *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Bossett v. Walker*, 41 F.3d at 829 (citing *Murray*); *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1992).

In his § 440 motion, Petitioner asserted several claims of ineffective assistance of counsel, however, none of those claims concerned his failure to preserve this involuntary plea claim. *See* Pet'r Mot. to Vacate. Petitioner offers no other explanation or cause for his failure to preserve the claim in question. When a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, since federal *habeas* relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v. Lord*, 2006 WL 1977435,

at *6 (N.D.N.Y. Mar. 21, 2006).

Petitioner has also failed to demonstrate or even argue that failure to consider this claim would result in a fundamental miscarriage of justice, which "occurs only in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Rodriguez v. Mitchell*, 252 F.3d 191, 203 (2d Cir. 2001) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). In light of Petitioner's multiple admissions, it is difficult to envision a meritorious claim of innocence with respect to his conviction on criminal possession of a weapon in the second degree. A person is guilty of criminal possession of a weapon in the second degree when he possesses a loaded firearm with intent to use the same unlawfully against another. N.Y. PENAL LAW § 265.03(3) (1998), *amended by* 2005 N.Y. SESS. LAWS 764 & 2006 N.Y. SESS. LAWS 742. Petitioner admitted in statements to police and in the instant Petition that he shot the victim, ostensibly with a loaded weapon, but claims he did so in self-defense. *See* Pet. at p. 21 & Plea Hr'g Tr. at p. 11 (Petitioner's trial attorney stated,"[Petitioner] kept a gun because that's the way he thought he needed to protect himself" and "[h]e's certainly going to pay a price because of the way he protected himself, the illegal handling of a gun."). Although intent is an element of criminal possession of a weapon in the second degree, under New York law the justification of self-defense does not apply to a crime based on illegal possession of a weapon. *Davis v. Strack*, 270 F.3d 111, 133-34 (2d Cir. 2001) (citing, *inter alia*, *People v. Pons*, 68 N.Y.2d 264 (N.Y. 1986)). Thus, Petitioner's admission that he illegally possessed and used a loaded firearm would have been dispositive on that charge. Therefore, our decision not to consider this claim would not result in a fundamental miscarriage of justice.

Even assuming, *arguendo*, that Petitioner's claim regarding the voluntariness and

intelligence of his guilty plea was not procedurally barred, it would still fail. The Fifth Amendment requires guilty pleas to be voluntary and intelligent in order to withstand constitutional muster. *Brady v. United States*, 397 U.S. 742, 748 (1970). "To determine the voluntariness of a plea, the court should consider all of the relevant circumstances, including the possibility of a heavier sentence following a guilty verdict after trial, the Defendant's previous contact with the criminal justice system, and whether the court addressed the defendant and explained his options." *Bello v. People*, 886 F. Supp. 1048, 1054 (W.D.N.Y. 1995) (citing *Magee v. Romano*, 799 F. Supp. 269, 300 (E.D.N.Y. 1992)). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citations omitted). Courts will also look to see whether the plea was entered into with the advice of counsel. *United States v. Broce,* 488 U.S. 563, 572 (1989). When a petitioner who pleads guilty on the advice of counsel later attacks the voluntariness of that plea, the petitioner has the burden of proving (1) that counsel's advice deviated from the suitable range of competence expected of criminal lawyers, and (2) a reasonable probability that but for such deviation, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (citations omitted) (applying the *Strickland v. Washington*, 466 U.S. 668 (1984) standard to challenges to guilty pleas based on ineffective assistance of counsel).

In this case, Petitioner asserts that his plea was defective "either because [he] did not understand the nature of the constitutional protections that he was waiving, or because he has such an incomplete understanding of the charge that his plea can not stand as an intelligent admission of

guilt."³  Pet. at p. 18.   The following colloquy between Petitioner and the Honorable Anthony F. Aloi, County Count Judge, occurred at the plea hearing:

> THE COURT: And Mr. Brown, have you heard what he have just said here today?  You're going to plead guilty to the second count of this indictment, Criminal Possession of a Weapon in the Second Degree, in violation of Penal Law 265 point on 3(1), and I've said to you based upon that plea – and that plea is in full satisfaction of the other counts of this indictment – that at time of sentence that I would sentence you to a determinate sentence of 15 years with a three year post release supervision period.  Is that your understanding of how we're going to dispose of this matter?
> THE DEFENDANT: Yes.
> THE COURT: Have any other promises been made to you by anyone to induce you to make this plea other than what I have said here and on the record?  Any other promises made to you?
> THE DEFENDANT: No.
> MR. CIMINO: Well, Judge, there was another consideration – is that the People weren't going to prosecute him on an unindicted robbery case.
> MR. O'DONNELL: That's correct, Your Honor.
> THE COURT: That's part of this disposition, that's correct.  Any other representations, Mr. Brown?
> THE DEFENDANT: No.
> THE COURT: All right.  Do you understand, Mr. Brown, that you have an absolute right to a trial before me or before a jury, and by this plea you're going to waive that right?  You do not want a trial of this matter, is that correct?
> THE DEFENDANT: Correct.
> THE COURT: Do you understand at that trial the People have an obligation to call witnesses against you, your lawyer has a right to cross-examine those witnesses.  You have a right to call witnesses on your own behalf and to testify in your own behalf, and by this plea you're going to waive those rights.  You do not want

---

³ We note again that the instant Petition does not include the ineffective assistance of counsel claims raised in Petitioner's § 440 motion. *See generally* Pet. However, even if Petitioner had asserted those grounds for relief, they would likely be deemed exhausted but procedurally barred because Petitioner did not appeal the trial court's denial of his § 440 motion and his time to do so or seek an extension to file an appeal expired. Furthermore, Plaintiff's assertion that his failure to exhaust was caused by inadequate legal assistance at the prison, *see supra*, n.2, does not state a valid justification. *See Garcia v. Laclair,* 2008 WL 801278, at *4 (S.D.N.Y. Mar. 24, 2008) ("[D]espite Petitioner's conclusory statement about ineffective assistance by a legal assistant at his correctional facility, Petitioner has not credibly demonstrated that there were any external factors preventing him from [exhausting his claim].").

|||
|---|---|
| | a trial and you do now want to exercise those rights, is that correct? |
| THE DEFENDANT: | Correct. |
| THE COURT: | You should also understand, Mr. Brown, that you're pleading guilty to a felony.  If you get into any new felony trouble within the next ten years you must receive mandatory state imprisonment for mandatory periods of time. Do you understand that? |
| THE DEFENDANT: | That's correct. |
| THE COURT: | Any question about that? |
| THE DEFENDANT: | No sir. |
| THE COURT: | You should also understand, Mr. Brown, that your plea of guilty is equivalent to a verdict after trial.  It's just as if I or the jury had heard all the evidence in your case and we have determined that the People have established beyond a reasonable doubt that you have, in fact, committed the crime of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law 265.03(1).  Your plea of guilty is equivalent to a verdict after trial.  Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Any question about that? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Do you have any questions of your attorney or the Court at this time? |
| THE DEFENDANT: | No. |
| THE COURT: | You should also understand, Mr. Brown, that you have an absolute right to remain silent.  By this plea I'm going to ask you to waive that right and you're going to admit to me you committed the crime.  Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Any question about that? |
| THE DEFENDANT: | No. |
| THE COURT: | The second count of Indictment 2002-0329-1 charges Akeem Brown with having committed the crime of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law 265.03(1) in that it is alleged, Mr. Brown, that on or about the 17th day of January, 2002, at the City of Syracuse, in this county, that you possessed a loaded firearm intending to use the same unlawfully against Sean Trenton, to wit: A loaded 25 calibre [sic] semi-automatic handgun.  Is that true? |
| THE DEFENDANT: | Yes. |
| THE COURT: | On that date and at that time you possessed that loaded firearm intending to use it unlawfully against that gentleman. |

|                   |                                                                                                                                                                             |
|-------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                   | Is that true?                                                                                                                                                               |
| THE DEFENDANT:    | Yes.                                                                                                                                                                        |
| THE COURT:        | How do you plea then to the charge of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law 265.03(1), how do you plead?                           |
| THE DEFENDANT:    | Guilty.                                                                                                                                                                     |
| THE COURT:        | Based upon Akeem R. Brown's responses to my questions I find this plea of guilty is knowingly, intelligently and voluntarily made, and I'll accept your plea of guilty to that charge. |

Plea Hr'g Tr. at pp. 3-7.

Statements made at a plea allocution carry "'a strong presumption of verity.'" *United States v. Maher,* 108 F.3d 1513, 1530 (2d Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). The transcript quoted above demonstrates that Petitioner was informed of the rights he was giving up and was told exactly what his sentence would be in return. Petitioner's claim that he did not fully understand or was not aware of the standard of proof the state would have had to meet on the murder charge is belied by the record. The prosecutor stated at the plea hearing that the plea bargain was being offered "in light of the very real issue of self defense[.]" *Id*. at p. 3. Thus, the prosecutor tacitly acknowledged in open court that the potential difficulty in obtaining a conviction on the murder charge was at least part of the impetus for offering the favorable plea that Petitioner accepted.

Petitioner was indicted on counts of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. He pleaded guilty to one count of criminal possession of a weapon in the second degree in exchange for a determinate prison sentence of fifteen (15) years and three (3) years post-release supervision and in full satisfaction of all three charges, as well as a promise from the prosecution that no charges would be brought against him in an unindicted robbery case. Had Petitioner gone to trial on all charges,

he would have faced potential concurrent sentences of fifteen (15) to twenty-five (25) years on the second degree murder charge, N.Y. PENAL LAW §§ 125.25(1) & 70.00(2)(a), (3)(a)(i), and three and one-half (3.5) to fifteen (15) years on the criminal possession of a weapon in the second degree charge, N.Y. PENAL LAW §§ 265.03(1) & 70.02(3)(b), and in addition a consecutive term of two (2) to seven (7) years on the criminal possession of a weapon in the third degree charge, N.Y. PENAL LAW §§ 265.02(4) & 70.02(3)(c). This does not include any potential sentence on the unindicted robbery charge, which apparently involved the use of a loaded firearm. *See* Pet'r Mot. to Vacate at Ex. H, Stephen Lance Cimino, Esq. Affirm., dated May 5, 2003.

The plea Petitioner accepted was therefore a favorable one, and we note that pleading guilty with the aim of limiting the possible penalty has no bearing on voluntariness nor on counsel's effectiveness. *North Carolina v. Alford,* 400 U.S. at 31.

Therefore, because this claim is procedurally barred and without merit, it is **dismissed.**

### C. Harsh and Excessive Sentence

Brown claims that the fifteen (15) year sentence he received as part of his plea bargain was unduly harsh and excessive. Pet. at Ground Two. Succinctly, Petitioner asserts that the trial court erred because instead of focusing on his character at sentencing, it focused instead on the larger problem of handguns in our society. *Id.*

It is firmly established that "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)(citation omitted); *Mayerhofer v. Bennett*, 2007 WL 1624767, at *7 (N.D.N.Y. June 6, 2007). Here, Petitioner was convicted of criminal possession of a weapon in the second degree, a class C felony that carries a potential determinate sentence of three and one-half (3 ½) to fifteen (15) years

incarceration. N.Y. PENAL LAW §§ 265.03(1), 70.02(1)(b) & (3)(b). In accordance with the plea bargain, Judge Aloi sentenced Petitioner to the maximum fifteen (15) year sentence with three (3) years mandatory post-release supervision. *See supra* Part II.B. Since the imposed sentence was within the statutory range, this theory cannot afford Petitioner relief.

Petitioner's argument that the trial court did not take into account his personal character traits and instead focused on the threat of handguns to society in general is similarly unavailing. The record clearly shows that the plea bargain was contingent upon Judge Aloi's agreement to sentence Petitioner to the maximum fifteen (15) year sentence. Plea Hr'g Tr. at p. 3. The terms of that agreement, which satisfied all three charges and an additional unindicted robbery charge, were made clear at the Plea Hearing. *Id.* at pp. 3-7. That Judge Aloi took a moment during sentencing to lament the pervasiveness of gun violence in our society does not demonstrate that Petitioner was being punished for the unlawful acts of others.

Finally, to the extent that Petitioner's claim could arguably be viewed as a challenge under the Eighth Amendment's prohibition of cruel and unusual punishment, that claim also fails. The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991). However, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 271 (1980). For example, the Supreme Court has held that, for offenses less than manslaughter, sentences longer than twenty-five (25) years are not grossly disproportionate. *See Ewing v. California*, 538 U.S. 11 (2003) (25 years to life for grand theft) (cited in *Staubitz v. Lord*, 2006 WL 3490335, at *2 (E.D.N.Y. Dec. 1, 2006)) & *Harmelin v. Michigan*, 501 U.S. at 995 (life

in prison without the possibility of parole for cocaine possession). Petitioner's sentence was not contrary to or an unreasonable application of that precedent. *See Long v. Lord*, 2006 WL 1977435, at *14 (N.D.N.Y. Mar. 21, 2006) (sentences within state limits "are simply not cruel and unusual punishment in the constitutional sense.").

Since the sentence imposed was plainly within the limits authorized by state statute, and was not grossly disproportionate to the crime of conviction, this ground of the Petition is **denied**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

**ORDERED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Date:  June 23, 2008
       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge